The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At the time of the alleged injury, defendant-employer was insured by Florist Mutual Insurance Company with Crawford and Company acting as the third-party administrator.
3. The parties, through counsel, stipulated the following records might be received into evidence without the need for further authentication or verification
 * Stipulated Exhibit 1: consisting of plaintiff's medical records,
 * Stipulated Exhibit 2: consisting of Industrial Commission Form 22 Wage Chart, prepared by Southern Steel Wire, Incorporated for Billy Ray Welch, dated May 6, 1996.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On April 12, 1994, plaintiff was a 41 year old male and had worked for the defendant-employer since January 1989. Plaintiff has an eighth grade education and has some ability to read and write, but is not proficient. On April 12, 1994 and at all relevant times, plaintiff was employed by defendant-employer as a wire-drawer and ran three wire drawing machines which mechanically reduced the wire by a form of extrusion process. Plaintiff's job also required that he put a type of "lubricant" on the wire if needed.
2. On the evening of April 12, 1994, plaintiff arrived for his shift at approximately 11:00 pm. Around 1:00 am on April 13, 1994, plaintiff went to the storage area as is his usual habit in the course of his regular employment to retrieve lubricant. This lubricant is a powder which is contained in a five gallon barrel. On the evening of April 13, 1994, the containers of lubricant were crammed in the storage area so that the claimant had to climb on top of other barrels to get the lubricant he needed as it was located in the middle of a group of barrels. He climbed over a group of barrels and reached down to pick up a barrel of lubricant, as he was lifting the bucket of lubricant, his right foot slipped and his right leg fell through between the barrels up to the groin. At that time the plaintiff felt a burning on his right side from his buttock down his leg to his foot.
3. No one was present when the plaintiff injured himself. The plaintiff could walk, but he continued to experience a burning sensation.
4. The plaintiff walked to the break room and told the most senior employee present, J.D. Hazelwood about the accident. The defendant-employer did not have a supervisor on site during the night shift. Mr. Hazelwood directed the plaintiff to tell Bob Alexander, plaintiff's supervisor, about the incident when he arrived at approximately 6:00 am.
5. The plaintiff continued to work and completed his shift, continuing to experience a burning sensation. The plaintiff did see Bob Alexander at 6:00 am and related the injury to Mr. Alexander. Through discussions with Mr. Alexander, the plaintiff was led to believe and believed that this injury would not be handled by workers' compensation and therefore failed to report his injury by accident to his medical providers.
6. On April 13, 1996, the plaintiff sought medical treatment by Dr. Weldon Joyce at Western Rockingham Medicine for the treatment of his symptoms caused by his compensable work-related injury by accident and has received further treatment for these symptoms since that time.
7. On August 13, 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when his leg slipped and fell between the barrels and he fell up to the level of his groin. At that time he experienced a burning sensation on his right side from the buttock down the leg and to his foot.
8. At the time of the compensable injury by accident, plaintiff was earning an average weekly wage in the amount of $480.20 which yields a compensation rate of $320.15.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On April 13, 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
2. Pending a resolution of the compensable consequences of this case, plaintiff is entitled to have defendant-employer provide all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give relief or lessen his disability.
3. At the time of the compensable injury by accident, plaintiff was earning an average weekly wage in the amount of $480.20, which yields a compensation rate of $320.15.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. To the extent that the same is reasonably designed to effect a cure, give relief or lessen the period of disability, defendant-employer shall pay all medical expenses incurred by plaintiff as a result of his compensable injury by accident when bills for the same have been submitted through the defendant-employer to the Industrial Commission and approved by the Commission.
2. No costs are assessed at this time and shall abide the final result of this case.
* * * * * * * * * * *
ORDER
This matter is hereby REMANDED to the Deputy Commissioner for a hearing on the compensability issue. If the parties are able to resolve this matter in due course, please notify the Industrial Commission.
 S/ _______________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/rst
5/22/97